IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BIG SKY NETWORK CANADA, LTD., a British Virgin Islands corporation,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>SICHUAN PROVINCIAL GOVERNMENT, a subdivision of the People's Republic of China, a foreign state, and QINGYANG DISTRICT GOVERNMENT, a subdivision of the People's Republic of China, a foreign state,<br><br>    Defendants. | ORDER GRANTING MOTION FOR ENLARGEMENT OF REMOVAL PERIOD<br><br><br><br><br><br>Case No. 2:06-CV-00265 PGC |

Pursuant to 28 U.S.C. § 1441(d), defendants Sichuan Provincial Government and Qingyang District Government move to enlarge the period for removal of this action brought by plaintiff Big Sky Network Canada, Ltd., in Utah state court.  Plaintiff Big Sky opposes the motion.  Because defendants have shown cause for an enlargement, the court grants defendants' motion.

## BACKGROUND

Big Sky, a British Virgin Islands corporation, in Utah state court filed a complaint in June 2005, alleging intentional interference with contractual relations and unjust enrichment claims against defendants.  In particular, plaintiff alleges that defendants interfered with a joint venture entered into by plaintiff and Chengdu Huayu Information Industry Co., Ltd., to provide cable and internet services in Sichuan Province and Qingyang District.  On March 30, 2006, defendants Sichuan and Qingyang moved to extend the 30-day period for removal pursuant to 28 U.S.C. § 1441(d) to proceed with this action in federal court, which motion is now before the court.

Sichuan and Qingyang are political subdivisions of the People's Republic of China, a sovereign foreign state.  On or about August 22, 2005, Big Sky first attempted to serve defendants pursuant to the terms of the Hague Convention.  However, on or about October 10, 2005, the Ministry of Justice of the People's Republic of China returned the service materials to Big Sky on the basis that they did not comply with the terms of the Hague Convention and that execution of the request would infringe the sovereignty or security of the People's Republic of China.

On February 6, 2006, the United States Embassy in Beijing transmitted to the Ministry of Foreign Affairs of the People's Republic of China copies of the Summons, the Complaint filed in this action, and a Notice of Suit prepared by Big Sky, including Chinese copies of each document.  Defendants concede that for purposes of this motion, the Summons, Complaint, and Notice of Suit were properly served on defendants on February 6, 2006.

**DISCUSSION**

In general, a defendant must move to remove a case to federal court "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[1] However, the Foreign Sovereign Immunities Act (FSIA) provides an exception to this 30-day removal period to promote "Congress' objective of uniformity in the law and impartiality toward [a] foreign entity."[2] This exception provides, in relevant part, that "[a]ny civil action brought in a State court against a foreign state . . . may be removed by the foreign state to the district court of the United States" and that "[w]here removal is based upon this subsection, the time limits of section 1446(b) of this chapter *may be enlarged at any time for cause shown*."[3]

In the present case, defendants Sichuan and Qingyang fall under the FSIA's definition of a "foreign state" because they are political subdivisions of the People's Republic of China.[4] Accordingly, defendants Sichuan and Qingyang are entitled to remove the action brought in state court by plaintiff Big Sky *at any time* after the usual 30-day period for removal has expired provided that defendants show "cause" for the delay.

In making the "cause" determination, courts routinely consider factors such as the length of the delay in filing for removal to federal court, "the [underlying] purpose of the removal

---

[1] 28 U.S.C. § 1446(b).

[2] *Leith v. Lufthansa German Airlines*, 793 F. Supp. 808, 811 (N.D. Ill. 1992).

[3] 28 U.S.C. § 1441(d) (emphasis added).

[4] *See* 28 U.S.C. § 1603(a) (providing that "a 'foreign state' . . . includes a political subdivision of a foreign state").

statute, the extent of prior activity in the state system, the prejudice to both parties, the effect on the substantive rights of the parties and any intervening equities."[5] To rule on defendant's motion in this case, the court must determine (1) when service was executed to determine when defendants' 30-day removal period commenced and expired, and (2) whether defendants have shown "cause" to extend the removal period beyond the usual 30-day removal period.

> **I.     Defendants Sichuan and Qingyang were served with the Summons and Complaint on February 6, 2006, whereupon the 30-day period for removal commenced.**

The parties disagree as to when defendants were served. Plaintiff argues that service was effectuated in August 2005 under the provisions of the Hague Convention. Defendants contend that service did not occur in August 2005 because that attempt was rejected by the Ministry of Foreign Affairs. For purposes of this motion, defendants concede that service occurred on February 6, 2006.

To facilitate deciding whether defendants have shown "cause" to extend the removal period, the parties' disagreement as to when service occurred must be resolved. The parties' briefs clearly show that defendants were first served with the Summons and Complaint on February 6, 2006. Defendants' 30-day removal period therefore began to run on this date. The 30-day period therefore expired on March 8, 2006.

Plaintiff contends, however, that defendants were served in August 2005 under the FSIA's service provisions, which provide that service shall be effected upon a foreign state or

---

[5] *Refco, Inc. v. Galadin*, 755 F. Supp. 79, 83 (S.D.N.Y. 1991); *see also Leith*, 793 F. Supp. at 811.

political subdivision of a foreign state "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents."[6] In accord with the Hague Convention, Big Sky sent a request for service and all necessary documents to China's designated central authority, the Bureau of International Judicial Assistance, Ministry of Justice of the People's Republic of China. Plaintiff argues that because China is a signatory to the Hague Convention, this request for service constitutes adequate service.

However, it is clear that this request for service did not result in actual service upon defendants. After receiving the necessary documents, the Ministry of Justice rejected and returned the materials to plaintiff. Although defendants are political subdivisions of the People's Republic of China, a request to the Ministry of Justice that they be served, absent actual service upon defendants, does not satisfy the Hague Convention service requirements. If the Ministry of Justice "deems that compliance [with the request for service] would infringe the sovereignty or security" of the foreign state, then they may reject the request.[7] Alternatively, the Ministry of Justice could grant the request by "itself serv[ing] the document or . . . arrang[ing] to have it served by an appropriate agency . . . by a method prescribed by its internal law for service of documents."[8] By rejecting plaintiff's request for service upon defendants, China's Ministry of

---

[6] 28 U.S.C. § 1608(a)(2).

[7] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention"), art. 13.

[8] *Id.*, arts. 4, 5(a).

Justice prevented defendants from being served.  As defendants note, a request for service is not equivalent to actual service.  Further, plaintiff has conceded that the August 2005 service attempt was unsuccessful.  In a motion filed with the state court to enlarge the service period following the August 2005 attempt, plaintiff expressly stated that "neither defendant in this action has been served yet."

Plaintiff also contends that the 30-day time limit for removal began to run when the Ministry of Justice (not these defendants) received notice of the case in late August 2005, even if that was not valid service.  Plaintiff argues that under the FSIA's "through service *or otherwise*"[9] language, the 30-day removal period began to run in the absence of proper service.  However, the Supreme Court has held "the a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."[10]  Absent actual service, the 30-day period for removal cannot commence.  In this case, plaintiff's rejected request for service in August 2005 does not satisfy the provisions of 28 U.S.C. § 1446(b).

Upon notification that the request for service had been rejected, plaintiff sought to effectuate service under the FSIA via the United States Secretary of State.  Service can be effected upon a foreign state "by sending two copies of the summons and complaint and a notice

---

[9] 28 U.S.C. § 1446(b) (emphasis added).

[10] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (emphasis added).

of suit, together with a translation of each into the official language of the foreign state . . . to the Secretary of State . . . and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state."[11] Defendants concede, for purposes of this motion, that plaintiff's second attempt at service did indeed result in actual service on February 6, 2006. Accordingly, the time for removal did not begin to run until that date.

> II. **Defendants Sichuan and Qingyang have met their burden of demonstrating "cause" for removing the present case to federal court after the expiration of the 30-day time limit.**

As a threshold matter, this court must determine whether defendants Sichuan and Qingyang are required to submit detailed evidence showing sufficient "cause" for extending the removal period. Plaintiff contends defendant must submit detailed evidence in the form of documents or affidavits which provide proof of "cause." However, plaintiff fails to cite any authority requiring such evidence. In this case, the court accepts defendants' good-faith representations showing "cause" as sufficient.

Considering the relevant factors in light of the circumstances of this case, defendants have provided the court with ample "cause" to justify an extension of the removal period. First, given that service did not occur until February 6, 2006, the length of delay in filing for removal to federal court was only three weeks. This stands in stark contrast to the cases in which an extension for removal was denied due to delays of several years.[12] Additionally, defendants

---

[11] 28 U.S.C. § 1608(a)(4).

[12] *See, e.g., Hyundai Corp. v. Republic of Iraq*, No. 02 Civ. 7199 (RCC), 2003 WL 22251349, *3 (S.D.N.Y. Sep. 30, 2003) (finding no "cause" where defendants delay was more than four and one-half years); *Boskoff v. The Boeing Co.*, No. 83 Civ. 2756 (IBW), 1984 WL

have provided sufficient explanation for such a minimal delay: defendants are foreign sovereigns that are unfamiliar with United States civil procedures (including the perceived discrepancy between the 60-day response to complaint period[13] of which the defendants were aware at the time of service and the 30-day removal provision[14] of which defendants were not aware of until the time had already expired); obvious language and translation issues contributed to the delay; and defendants understandably conferred with counsel regarding the implications of the pending suit and the validity of service.

  Second, the court considers Congress' purpose in enacting § 1441(d). The legislative history shows that Congress enacted this statute both "to allow for a uniform body of law concerning foreign states to emerge in the federal courts"[15] and to provide "impartiality toward [foreign entities]."[16] Granting defendants' motion for enlargement of the removal period will promote the fundamental interests that the FSIA was designed to secure.

  Third, the court considers the extent of prior activity in the state court system to prevent forum-shopping and the waste of judicial resources. Several courts have denied the extension of the removal period because the defendants had extensively litigated the case in state court before

---

1066, *3 (S.D.N.Y. Oct. 19, 1984) (finding no "cause" where defendants sought to enlarge removal period by more than five years).

[13]*See* 28 U.S.C. § 1608(d).

[14]*See* 28 U.S.C. § 1446(b).

[15]*Refco*, 755 F. Supp. at 83.

[16]*Leith*, 793 F. Supp. at 811.

requesting removal to federal court.[17]  Allowing for removal at such a late stage in the litigation process would waste limited judicial resources and would allow for forum shopping.  This is not the case in the present suit.  After receiving the Complaint, defendants' first and only action in this litigation has been to file a motion to enlarge the removal period.  Additionally, there is no evidence that defendants are engaging in forum shopping.

Fourth, defendants would be prejudiced by the denial of a removal period extension.  As discussed, Congress desires that civil cases involving foreign states and their subdivisions be litigated in the federal courts to ensure uniformity in the law and proper treatment of foreign sovereigns.  Accordingly, Congress has enacted an exception to the 30-day removal period.  Provided that defendants show "cause," this is the exact type of situation that Congress intended § 1441(d) to encompass.  Denying the defendants the ability to use this statute would be prejudicial to their rights under United States law.

Finally, plaintiff's substantive rights would not be adversely affected by enlarging the removal period at this time.  After all, defendants could have removed this case to federal court as a matter of right up until three weeks prior to the filing of this motion.  Plaintiff has not shown any adverse affects to their substantive rights.

Plaintiff relies on cases that are distinguishable from the present case and that do not persuade the court to deny defendants' motion to enlarge the removal period.  For example, in *Boland v. Bank Sepah-Iran*, the court stated that "[a] showing of cause to justify an extension of

---

[17]*See, e.g.,* Boland v. Bank Sepah-Iran, 614 F. Supp. 1166, 1169 (S.D.N.Y. 1985) (denying extension where defendant attempted to remove after actively litigating in state court nearly five years and had been denied motions to dismiss and for summary judgment).

the section 1446(b) time requirement is rarely found" and that "defendant must demonstrate some unusual set of circumstances."[18]  However, in *Boland* the defendant requested removal nearly five years after the removal period had expired, and only after state court denials of motions to dismiss and for summary judgment.  No unusual circumstances exist in the present case.  No other motions have been filed (other than this motion to extend the removal period) and the delay has been minimal.

In addition, the court in *Ponce v. Alitalia Linee Airee* states that the "cause" requirement must "connote some proof of a justification other than the extended pleading period that is automatically conferred on the foreign state by Section 1608(d).  And that added showing must be meaningful in substantive terms."[19]  Unlike in *Ponce*, defendants have not merely relied on their status as foreign states.  Instead, defendants have provided the court with an extensive list of reasons for their three week delay in filing for removal.  In addition to their status as foreign sovereigns and the difficulty that brings in retaining counsel familiar with United States removal procedures, defendants needed time to analyze the pleadings, verify with Chinese counsel the legal implications of the suit, and obtain American counsel.[20]  Additionally, obvious language and translation issues led to the minor delay.

---

[18]*Boland*, 614 F. Supp. at 1169.

[19]*Ponce v. Alitalia Linee Airee*, 840 F. Supp. 550, 551 (N.D. Ill. 1993).

[20]*See* Tennessee Gas Pipeline Co. v. Continental Casualty Co., 814 F. Supp. 1302 (M.D. La. 1993) (the court found sufficient "cause" when defendant investigated plaintiff's suit and evaluated the service of process); *Lopez del Valle v. Gobierno de la Capital*, 855 F. Supp. 34 (D. P.R. 1994) (the court found "cause" based on the time defendants needed to communicate with counsel).

## CONCLUSION

The court HEREBY ORDERS that defendants' Motion for Enlargement of the Removal Period (#3) is GRANTED.  Accordingly, the court further ORDERS that defendants' Notice of Removal (#1) was therefore timely filed and this matter was timely removed on March 30, 2006.

DATED this 9th day of August, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge