IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BIG SKY NETWORK CANADA, LTD., a British Virgin Islands corporation,<br><br>　　　　Plaintiff,<br><br><br><br>　　　　vs.<br><br><br><br>SICHUAN PROVINCIAL GOVERNMENT, a subdivision of the People's Republic of China, a foreign state, and QINGYANG DISTRICT GOVERNMENT, a subdivision of the People's Republic of China, a foreign state,<br><br>　　　　Defendants. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br><br><br><br><br>Case No. 2:06-CV-00265 PGC |

　　　　In this removal action, plaintiff Big Sky Network Canada, Ltd. asserts intentional interference with contractual relations and unjust enrichment claims against defendants Sichuan Provincial Government and Qingyang District Government (collectively the Governments). In particular, Big Sky asserts that the Governments intentionally interfered in its joint venture with Chengdu Huayu Information Industry Co., Ltd. (Huayu) to provide cable and internet services in a city in the Governments. Big Sky asserts that the Governments interfered for the improper purposes of reaping the venture's profits and capital Big Sky contributed to the venture.

Pursuant to Federal Rule of Civil Procedure 12(b), the Governments move to dismiss the complaint for lack of jurisdiction and under the Act of State and international comity doctrines. Alternatively, the Governments move to transfer venue to the United States District Court for the District of Columbia. Plaintiff opposes the motions. Because the Governments' asserted actions did not cause a direct effect in the United States, this court lacks subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA). The court therefore grants the Governments' motion to dismiss.

## BACKGROUND

Where a defendant facially attacks the complaint for lack of subject matter jurisdiction, the court assumes that the allegations in the complaint are true.[1] The defendant, however, "'may go beyond the allegations in the complaint, and challenge facts upon which subject matter jurisdiction depends.'"[2] In that case, the court has wide discretion to consider documentary evidence to resolve the motion.[3] Here, the Governments have mounted a facial and factual attack on the complaint. Big Sky has submitted affidavits and other documents in support of its position that this court has subject matter jurisdiction. The court therefore does not simply assume that the allegations in the complaint are true, but invokes its discretion to consider the

---

[1] *See Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005); *see also United World Trade, Inc. v. Mangyshlakneft Oil Prod. Ass'n.*, 33 F.3d 1232, 1234 (10th Cir. 1994).

[2] *Davis ex rel. Davis v. United States,* 343 F.3d 1282, 1295 (10th Cir. 2003) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

[3] *Id.*

materials outside the complaint.

The complaint and materials disclose the following facts. Big Sky is a British Virgin Islands corporation, resides in Canada, and is a wholly-owned subsidiary of a publicly-traded Nevada corporation with Utah shareholders and with a Utah stock transfer agent. The Governments are subdivisions of the People's Republic of China, a foreign state.

Big Sky and Huayu entered into a joint-venture agreement to provide cable and internet services in a city in the Governments. Big Sky supplied capital while Huayu supplied the network for the services. At the time the parties entered into the agreement, Big Sky understood that the Governments jointly owned and operated Huayu.

On or about May 11, 2001, the Chinese State Administration of Radio, Film, and Television issued a notice prohibiting the operation of cable television networks by foreign-funded, Sino-foreign joint and Chinese-foreign contractual joint ventures or by private investors (the ARFT notice). The notice demanded that the ARFT departments of governmental entities clear-up financing, differentiate various situations, and come up with applicable solutions. On June 4, 2001, the Sichuan Province distributed its own notice ordering compliance with the ARFT notice.

Initially, Huayu notified Big Sky that it still had the right to use the network. In July 2003, however, Huayu informed Big Sky that it was breaching and terminating the joint-venture agreement because of the Governments' enforcement of the ARFT notice. Big Sky maintains, however, that (1) the Governments induced Huayu to breach the joint-venture agreement for the purpose of reaping its profits; (2) that the Governments were unjustly enriched by Big Sky's

significant capital contributions to the joint-venture; and (3) consequently, that Big Sky's parent corporation and shareholders lost anticipated profits from the joint-venture and its parent corporation had to reorganize.

The Governments move to dismiss the complaint for, among other things, lack of subject matter jurisdiction under FSIA. Big Sky opposes the motion to dismiss. Because the court agrees that it does not have subject matter jurisdiction under FSIA, the court does not reach the Governments' other proposed grounds for dismissal.

## DISCUSSION

In its complaint, Big Sky asserts subject matter jurisdiction under the FSIA. In their motion to dismiss, the Governments contend that this court lacks subject matter jurisdiction under the FSIA. The FSIA is the "exclusive source of jurisdiction for claims against foreign states" in the courts of this country.[4] The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" unless an exception applies.[5] The defendant foreign state must first make a prima facie showing that it is immune.[6] The plaintiff then has the burden of showing that an exception applies.[7] "If the plaintiff comes forward with evidence implicating an exception, the defendant must meet its ultimate burden of

---

[4] *Southway v. Central Bank of Nigeria*, 328 F.3d 1267, 1270 (10th Cir. 2003).

[5] 28 U.S.C. § 1604, *see also Southway*, 328 F.3d at 1271.

[6] *See Southway*, 328 F.3d at 1271.

[7] *See id.* at 1271, 1274.

proving that the exception does not apply."[8]

FSIA provides that a "foreign state" includes a "political subdivision of a foreign state."[9] The parties agree that the Governments are political subdivisions of the Peoples Republic of China, a foreign state. Therefore, the Governments are immune from jurisdiction under FSIA unless an exception applies.

In its complaint, Big Sky has not alleged that any exception applies. In its opposition to the motion to dismiss, however, Big Sky asserts that it falls within third commercial activity exception. This exception provides that a foreign state is not immune from jurisdiction where "the action is based upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere *and* that act causes a direct effect in the United States."[10] Therefore, to fall within this exception, (1) the acts at issue must involve commercial activity outside the United States *and* (2) the acts must cause a direct effect in the United States.

The parties hotly dispute whether the Governments' actions in this case are commercial. Big Sky contends that any private entity can own and operate a cable company and enter into and breach agreements related to providing cable services. Big Sky, therefore, maintains that the Governments' actions as they relate to the operation of cable, internet, and data transmission industries are clearly commercial. The Governments respond that in its complaint, Big Sky alleges that the Governments were merely enforcing the ARFT notices, which is a governmental

---

[8] *Id.*

[9] 28 U.S.C. § 1603(a).

[10] *See id.* § 1605(a)(3).

activity. What Big Sky alleges, however, is that Huayu informed Big Sky that it was breaching and terminating the joint-venture agreement because of the Governments' enforcement of the ARFT notice. Big Sky then alleges that the Governments intentionally induced Huayu to terminate the joint-venture to reap the venture's profits.

Here, the court need not determine whether the Governments' asserted activities were commercial. Big Sky has not shown that the Governments' activities had a direct effect in the United States.

Big Sky asserts that the Governments' activities caused it to directly suffer financial loss. The FSIA, however, requires a direct effect in the United States.[11] Big Sky has not alleged that it directly suffered loss in the United States. Big Sky admittedly is a British Virgin Islands Corporation that resides in Canada. Any losses that Big Sky may have suffered as a result of the Governments' actions occurred either in China, the British Virgin Islands, or Canada.

Big Sky also asserts that the Governments' actions caused its United States parent corporation and the corporation's shareholders harm. In particular, the parent-corporation and shareholders did not realize any anticipated profits or dividends from the joint-venture and the parent-corporation was forced to reorganize.

The court agrees with the Governments that any effect from the Governments' activities to Big Sky's parent corporation and shareholders was not direct. "An effect is direct 'if it follows

---

[11]*See* 28 U.S.C. § 1605(a)(3).

as an immediate consequence of the defendant's activity.'"[12]  The immediate consequence of the Governments' asserted activity was the termination of the joint-venture between Big Sky and Huayu outside the United States and unjust enrichment to the Governments outside the United States.  That Big Sky's parent corporation and shareholders in the United States may have suffered financial harm or lost anticipated profits is an indirect consequence.

This conclusion is consistent with the Tenth Circuit's position that financial loss to a United States corporation is not sufficient to show a direct effect under FSIA.[13]  Because Big Sky has not made any showing of a direct effect in the United States, the third commercial activity exception to immunity under FISA does not apply.  The court therefore concludes that the Governments are immune from jurisdiction in United States' courts.

## CONCLUSION

Accordingly, the court HEREBY ORDERS that the Governments' motion to dismiss for lack of subject matter jurisdiction (#19) is GRANTED and the motion to transfer venue is DENIED as moot.  The court FURTHER ORDERS that Big Sky's complaint is HEREBY

---

[12] *United World Trade, Inc.*, 33 F.3d at 1236 (quoting *Republic of Argentina v. Weltover*, 504 U.S. 607 (1992)).

[13] *See id.* at 1239.

DISMISSED without prejudice.  The court clerk is directed to close this case.

SO ORDERED.

DATED this 11th day of December, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge